503 F.2d 969
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Tyronne BAILEY, Defendant-Appellant.
No. 74-2622 Summary Calendar.*
*Rule 18, 5 Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 15, 1974, Rehearing Denied Jan. 3, 1975.
 
 Norman Francis Haft, Miami, Fla., for defendant-appellant.
 Donald L. Ferguson, Asst. U.S. Atty., Robert W. Rust, U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this appeal appellant, Larry Tyronne Bailey, seeks reversal of his convictions for possession with intent to distribute and distribution of a controlled substance, to wit, methadone hydrochloride. Appellant alleges the trial court erred in not giving an instruction on entrapment, and that he was prejudiced by the government's failure to disclose the identity of the confidential informant prior to trial. We find these allegations to be without merit and affirm the convictions.
 
 
 2
 Appellant was a reformed heroin addict who was on methadone. He admitted that he did not take all the methadone prescribed for him, that he saved it up and sold it to other addicts who needed it. His defense was that the informant told him the undercover agents needed the drug so in December, 1973, he sold three gallons to them for $1,000. He alleged they gave the money to the informant who turned it over to him. He concocted the mixture by mixing his methadone wafers with water. The agents all testified they told appellant they wanted methadone for resale in Gainesville. They alleged he told them he had stolen some of the methadone. In any case appellant admitted possessing the methadone, making up the mixture, and receiving $1,000 for it. A second sale in February, 1974, of one gallon resulted in appellant's apprehension.
 
 
 3
 At the close of the case, appellant requested a charge on entrapment. He did not present the court with a written charge. The request was denied. At no time during the testimony did the appellant raise the defense of entrapment. He relied primarily on the fact that he legally had a right to the methadone, and he thought he was helping other addicts by selling it to them. In United States v. Russell, 1973, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366, the United States Supreme Court reviewed the history of entrapment and decided to leave the matter where it stood in Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. Where the defendant is predisposed to commit the crime, there is no entrapment; only when the government's deception implants the criminal design in the mind of the defendant does the defense of entrapment come into play.
 
 
 4
 The initial burden to prove entrapment was on appellant to go forward with some evidence, more than a scintilla, that the agents induced him to commit the offense. As we stated in United States v. Groessel, 5 Cir., 1971, 440 F.2d 602, 606: 'If a defendant fails to carry the burden on the issue of entrapment forward, he is not entitled to submission of the issue to a jury'. The record here shows that appellant admitted possessing the methadone, admitted making the mixture he sold to the agents, admitted receiving the $1,000 from the informant for the methadone, and admitted he would sell methadone to other addicts. Appellant was predisposed to commit the crime. He has not met the initial burden of going forward. He was not entitled to an entrapment instruction.
 
 
 5
 Appellant next alleges because of the entrapment defense he was entitled to disclosure of the informant's identity and whereabouts prior to trial. Appellant alleged the informant was an active participant in and witness to the crimes. At trial it was established that the informant called the agents and told them appellant had methadone at her apartment. The agents testified she had no part in the transactions, while the appellant alleged she got the methadone for them and received the money. She had no part in the second transaction.
 
 
 6
 Appellant did not make a written request for the informant's identity prior to trial. He made no showing of how disclosure of the informant's identity would be helpful to his defense. The informant's name was given to appellant at trial. If her testimony was as important as he now contends, he could have sought a continuance and called her as his own witness. Under the circumstances of this case, the lack of an entrapment defense, and lack of proper procedure, appellant was not entitled to disclosure prior to trial. See United States v. Toombs, 5 Cir., 1974, 497 F.2d 88, for a discussion of the subject.
 
 
 7
 A review of the record reveals no error of law.
 
 
 8
 Affirmed.